UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWIN D. KOHR, | : | |
| Petitioner | : | CIVIL NO. 1:CV-08-0006 |
| vs. | : | (Judge Caldwell) |
| DONALD KELCHNER, et al., | : | |
| Respondents. | : | |

*M E M O R A N D U M*

*I. Introduction*

Petitioner Edwin Kohr, an inmate at SCI - Huntingdon, has filed a petition for a writ of habeas corpus (doc. 1) pursuant to 28 U.S.C. § 2554.[1] Kohr contends the Board of Probation violated the Ex Post Facto Clause of the United States Constitution when it applied post-1996 parole guidelines, required three "yes" votes for parole and applied 42 Pa.C.S.A. § 9718.1 in its denial of parole. (doc. 1 and 2). After a careful review of Kohr's claim, we will dismiss his petition.

[1] Petitioner was housed at SCI – Camp Hill when his petition was filed.

*II. Discussion*

*A. Standard of Review*

28 U.S.C. § 2254(a) authorizes a federal court to consider a petition for a writ of habeas corpus filed by a state prisoner in custody claiming that his detention violates the Constitution, laws or treaties of the United States. A federal court may not grant the petition unless it determines that the state court proceedings

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court judgment is “contrary to” federal law when it is “diametrically different, opposite in character or nature, or mutually opposed” to “clearly established” decisions of the United States Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 405, 120 S.Ct. 1495 (2000). This may occur if “the state court ignores or misapprehends clear precedent or it ‘confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.” *Wilkerson v.*

*Klem*, 412 F.3d 449, 452 (3d Cir. 2005) (quoting *Williams*, 529 U.S. at 406). Alternatively, a state court judgment is an "unreasonable application" of federal law if it chose the correct rule of law based on the facts, but applied the rule in an "objectively unreasonable way." *Id.* "A court that unreasonably extends an established rule to a new context where it should not apply or...unreasonably fails to extend such a rule to a new context where it should apply" may have unreasonably applied the correct rule of law. *Id*. (citing *Williams*).

The Third Circuit has set forth a two-step process for reviewing a § 2254 petition. First, we identify the applicable Supreme Court precedent. *Outten v. Kearney*, 464 F.3d 401, 413 (3d Cir. 2006). The petitioner must show that Supreme Court precedent requires the opposite result, not merely that his interpretation is more plausible than that of the state court. *Id*. Second, we objectively evaluate whether the state court decision was an unreasonable application of Supreme Court precedent. *Id.* at 414 (citing *Werts v. Vaughn*, 228 F.3d 178 (3d Cir. 2000)). We cannot grant relief simply because "we disagree with the state court's decision or because we would have reached a different result." *Id*. We may only grant relief if "the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing

Supreme Court precedent." *Id*. (quoting *Hackett v. Price*, 381 F.3d 281, 287 (3d Cir. 2004)).

The Commonwealth Court of Pennsylvania and the Supreme Court of Pennsylvania both denied petitioner's ex post facto claim without opinions. Thus, we will address the merits of Petitioner's claim.

*B. Ex Post Facto Claim regarding 1996 Amendments*

An ex post facto inquiry involves a two-prong analysis: "(1) whether there was a change in the law or policy which has been given retrospective effect, and (2) whether the offender was disadvantaged by the change." *Richardson v. Pennsylvania Board of Probation & Parole*, 423 F.3d 282, 287-88 (3d Cir. 2005)(citing *Weaver v. Graham*, 450 U.S. 24, 29, 101 S.Ct. 960 (1981)). Under the second prong, the retroactive change in the law or policy "must create a 'sufficient risk of increasing the measure of punishment attached to the covered crimes'; a 'speculative and attenuated possibility of...increasing the measure of punishment' is not enough." *Richardson*, 423 F.3d at 288 (citations omitted). "It is not sufficient for a prisoner to show that the Board relied on a new law or policy. Rather, he must also adduce some evidence that this new law or policy disadvantaged him by creating 'a significant risk of increasing his punishment.'" *Id.*

at 292 (quoting *Garner v. Jones*, 529 U.S. 244, 255, 120 S.Ct. 1362 (2000)). Therefore, "the ultimate question is the effect of the change in parole standards on the individual's risk of increased punishment." *Richardson*, 423 F.3d at 291.

1. <u>Change in law or policy</u>

In *Parker v. Kelchner*, 429 F.3d 58 (3d Circ. 2005), the Third Circuit noted "the 1996 Amendments had changed the substantive criteria for parole in Pennsylvania and that a petitioner who could demonstrate individual disadvantage from retroactive application of the 1996 Amendments could prevail on an ex post facto claim." *Id.* at 64, n.5 (citing *Richardson*, 423 F.3d at 8). Therefore, the 1996 Amendments to the Pennsylvania Parole Act are a substantive change and the amendments "may be shown to violate the ex post facto clause if an inmate is able to demonstrate that the 1996 amendments, as applied to him, create a significant risk of prolonging his incarceration." *Parker*, 429 F.3d at 64, n.5.

2. <u>Individual Disadvantage</u>

We find Petitioner has failed to meet his burden that he was individually disadvantaged by the 1996 Amendments to the Parole Act. Contrary to his assertions, the reasons cited by the Board for denying parole do not indicate that the he was

disadvantaged by the modification of the Parole Act's policy statement. Rather, the Board's decision shows a concern for the rehabilitation of the Petitioner. The Board cited that it was in the "best interests" of the petitioner to remain incarcerated and complete institutional programs, namely a program for sex offenders. (doc. 7, Ex. B). Additionally, the decision of the Board relied on pre-1996 parole criteria. The reasons for denying parole were: (1) Petitioner's "best interests"; (2) "the interests of the Commonwealth"; (3) "the negative recommendation made by the Department of Corrections"; and (4) Petitioner's "need to participate in and complete additional institutional programs," specifically, a treatment program for sex offenders. These reasons were appropriately considered in parole decisions before 1996 and merit denial of parole under any pre-1996 standard. *See Reynolds v. Pa. Bd. of Prob. & Parole*, 809 A.2d 426, 433 n. 9 (Pa.Commw. 2002)(recommendations of wardens and superintendents); *Mickens-Thomas v. Vaughn*, 321 F.3d 374, 385 (3d Circ. 2003)(program adjustments and public safety). Therefore, we will deny Petitioner's first claim for relief.

*C. Ex Post Facto Claim Based on Supposed Change That Now Prohibits Parole for a Violent Offender Unless Three Members of the Board Agree.*

Petitioner claims he was disadvantaged by a policy that prohibits parole for violent offenders unless three Board members out of five vote "yes" for parole, when originally only two "yes" votes were needed. (doc. 2 at 10).

Petitioner must do more than merely state or indicate that the Board relied on some new policy or law. *Richardson*, 423 F.3d at 292. He must "adduce some evidence that this new law or policy disadvantaged him by creating 'a significant risk of increasing his punishment.'" *Id.* (citations omitted). Petitioner has not provided any support that he was denied parole based on a change in law. He fails to offer any evidence on how a change in the law disadvantaged him causing an increase in his punishment. Thus, Petitioner has failed to meet his burden, and we will deny this claim for relief.

*D. Ex Post Facto Claim Based on Supposed Application of* 42 Pa.C.S.A. § 9718.1.

Petitioner asserts that the Board considered whether he successfully completed a treatment program for sex offenders as a condition for parole. (doc. 2 at 9). He claims that such a condition is based on the improper retroactive application of 42

Pa.C.S.A. § 9718.1, which requires sex offenders to complete a treatment program in order to be eligible for parole.

As we indicated previously, the Board's requirement that Petitioner participate in institutional programs is based on pre-1996 parole guidelines. Specifically, 61 Pa.C.S.A. § 331.19 permits consideration of "the general character and background of the prisoner" and "the conduct of the person while in prison and his physical, mental and behavior condition and history, his history of family violence and his complete criminal record." *Id.* The Board indicated the need for petitioner to participate and complete additional institutional programs, and that it would take completion of a program for sex offenders into consideration at his next parole hearing. Petitioner only offers bald assertions that the Board applied 42 Pa.C.S.A. § 9718.1 in its denial of parole, rather than adducing any evidence that the Board applied the statute to him and that such an application prolonged his incarceration. Thus, Petitioner has failed to meet his burden, and we will deny his claim.

*III. Conclusion*

Petitioner filed a motion for reconsideration of our order denying appointment of counsel instead of filing a reply to Respondents brief in opposition. Since we will deny his grounds

for habeas relief, we will deny his motion for reconsideration as moot.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: November 17, 2008

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWIN D. KOHR, | : | |
| | : | |
| Petitioner | : | |
| | : | CIVIL NO. 1:CV-08-0006 |
| vs. | : | |
| | : | (Judge Caldwell) |
| DONALD KELCHNER, et al., | : | |
| | : | |
| Respondents. | : | |

*O R D E R*

AND NOW, this 17th day of November, 2008, it is ordered that:

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 1) is denied;

2. Petitioner's motion (doc. 12) for reconsideration of our June 19, 2008 order is denied as moot;

3. The Clerk of Court shall close this file.

/s/William W. Caldwell
William W. Caldwell
United States District Judge